IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GERAY, | No. 2:18-CV-2787-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JENNIFER SHAFER, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for the appointment of a paralegal (ECF No. 27), which is construed as a motion for the appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. First, it is impossible to evaluate the likelihood of success on the merits at this stage of the proceedings because the status of the pleadings has not been set. Specifically, pending before the court and addressed separately is a motion to dismiss plaintiff's original complaint for failure to state a claim upon which relief can be granted. Second, a review of plaintiff's filings reflects he is able to articulate his claims on his own without the assistance of a legal professional. Finally, the legal and factual issues related to plaintiff claims of due process violations with respect to procedures used to determine parole eligibility are not complex.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of a paralegal, construed as a motion for the appointment of counsel (ECF No. 27), is denied.

Dated: June 5, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE