IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GERAY, | No. 2:18-CV-2787-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JENNIFER SHAFER, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for leave to file a first amended complaint (ECF No. 21).

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2).

/ / /

/ / /

1

1         This action currently proceeds on plaintiff's original complaint, to which defendants' have responded by way of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Because plaintiff's motion for leave to amend was filed within 21 days after service of defendants' motion to dismiss, leave of court was not required and plaintiff could have filed a first amended complaint as of right. Plaintiff did not, however, file a first amended complaint or submit any such amended pleading with his motion, and the time to do so without leave of court has expired.

        Where leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Because plaintiff did not submit a proposed first amended complaint with his motion, the court is unable to make the determinations required to find leave to amend is appropriate. Plaintiff's motion will, therefore, be denied.

        Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for leave to amend (ECF No. 21) is denied, without prejudice to the filing of a further Request for Leave, filed in compliance with applicable Rules.

Dated: June 5, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE