IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GERAY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JENNIFER SHAFER, et al.,<br><br>　　　　　Defendants. | No. 2:18-CV-2787-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions for preliminary injunction (ECF Nos. 11 and 20) and Defendants' motion to dismiss (ECF No. 18). Defendants argue Plaintiff's claims against Defendant Kernan are moot because Kernan resigned from his position as Secretary of CDCR and that Plaintiff fails to state a due process claim against any of the Defendants.

///
///
///
///
///
///

# I. BACKGROUND

### A. Procedural History

Plaintiff filed his civil rights complaint on October 17, 2018, asserting Defendants violated his Fourteenth Amendment due process rights—seeking injunctive relief, declaratory relief, attorney's fees, and invalidation of his parole eligibility determination. ECF No. 1. On November 2, 2018, this Court screened the complaint and determined that sufficient facts existed for the complaint to pass screening and authorized service to Defendants D. Hurd, S. Kernan, R. Dotta, and J. Shafer. ECF No. 10. On November 28, 2018, Plaintiff filed a motion for preliminary injunction seeking the same injunctive relief requested in Plaintiff's complaint—to invalidate the procedures that lead to Plaintiffs parole denial. ECF No. 11. Defendants returned the waivers of service on February 11, 2019. ECF No. 17. Defendants filed their motion to dismiss on February 19, 2019. ECF No. 18. Plaintiff filed a second motion for a preliminary injunction, again seeking the same injunctive relief requested in Plaintiff's complaint—to invalidate the procedures that lead to Plaintiffs parole denial. ECF No. 20. Plaintiff filed his opposition to Defendants' motion to dismiss on February 28, 2019, and Defendants filed their reply on March 8, 2019. ECF Nos. 22, 23. Defendants filed their opposition to Plaintiff's second motion for a preliminary injunction on March 12, 2019, and Plaintiff filed his reply to the opposition on March 27, 2019. ECF Nos. 24 and 26.

### B. Plaintiff's Claims

Plaintiff claims Defendants violated his due process rights under the Fourteenth Amendment. Specifically, Plaintiff alleges Defendants S. Kernan and J. Shafer established constitutionally inadequate procedure related to parole determinations. Additionally, Plaintiff alleges Defendants D. Hurd and R. S. Dotta impermissibly based his parole denial on outdated and incorrect information when they used six year old disciplinary reports as evidence establishing current dangerousness.

///
///
///

**C. Defendants Motion to Dismiss**

Defendants argue Plaintiff's complaint fails to state a claim upon which relief can be granted for three reasons. First, Defendants argue Plaintiff's claim against Defendant Kernan is moot because Kernan resigned from his position as Secretary of CDCR on August 31, 2018.[1] Second, Defendants argue Plaintiff fails to state a claim against Defendants Kernan and Shafer because there are no allegations demonstrating Kernan and Shafer enacted procedures that deprived Plaintiff of his due process rights. Third, Defendants argue Plaintiff fails to state a claim against Defendants Dotta and Hurd because Plaintiff challenges the denial of his parole not the procedure used to reach the parole decision.

## II. MOTION TO DISMISS LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept as true the allegations of the complaint. Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). A pro se complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678.

///

---

[1] With their motion to Dismiss Defendants filed a request for judicial notice of two documents: (1) a copy of a CDCR digital news letter dated August 15, 2018, indicating Defendant Kernan would resign from his position as Secretary of CDCR on August 31, 2018, and (2) a copy of CDCR's official government webpage indicating Ralph Diaz is acting Secretary of CDCR, a position he has held since September 1, 2018. This Court takes notice of both documents.

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium). The court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citing Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)).

### III. ANALYSIS

#### A. Claim Against Defendant Kernan

Federal Rule of Civil Procedure Rule 25(d) states,

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Fed. R. Civ. P. 25

Here, the August 15, 2018, CDCR news letter and a copy of CDCR's official government webpage, of which this Court takes judicial notice, demonstrate that Defendant Kernan resigned as Secretary of CDCR on August 31, 2018. Both documents further show Ralph Diaz is the current Acting Secretary of CDCR. Because Plaintiff seeks injunctive relief against

4

Kernan in his official capacity, and Kernan no longer holds his official position, the claim against Kernan cannot proceed. See Hafer v. Melo, 502 U.S. 21, 25 91991) (Stating when officials sued in their official capacity leave office their successor automatically assumes their role in litigation because the real party in interest in an official capacity suit is the government entity not the named official).

### B. Fourteenth Amendment Claims

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under ... 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). A prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence. Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017). Thus, in order to for Plaintiff to challenge the fact or duration of his sentence, his sole federal remedy is by way of writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 574, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1989) ("Where prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus.").

A state prisoner may challenge the constitutionality of state parole procedures in an action under section 1983 when seeking declaratory and injunctive relief. Wilkinson v. Dotson, 544 U.S. 74, 76 (2005). In Wilkinson, the Court held that an inmate may bring a section 1983 action to seek invalidation of "state procedures used to deny parole eligibility...and parole suitability," but he may not seek "an injunction ordering his immediate or speedier release into the community." Id. at 82.

///

///

///

A state prisoner may challenge the constitutionality of state parole procedures in an action under section 1983 when seeking declaratory and injunctive relief. Wilkinson v. Dotson, 544 U.S. 74, 76 (2005). In Wilkinson, the Court held that an inmate may bring a section 1983 action to seek invalidation of "state procedures used to deny parole eligibility...and parole suitability," but he may not seek "an injunction ordering his immediate or speedier release into the community." Id. at 82.

In Swarthout v. Cooke, 562 U.S. 216 (2011), the Supreme Court limited the federal court's review of state parole board hearings. There, the Court held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Swarthout, 562 U.S. at 222. The Supreme Court stated that a federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id. at 220 (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979) ); see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 717 (9th Cir. 2011) (issue is not whether Board's parole denial was "substantively reasonable," or whether the Board correctly applied state parole standards, but simply was "whether the state provided Miller with the minimum procedural due process outlined in [Swarthout v.] Cook").

1. Claims Against Kernan and Shafer

Plaintiff alleges Defendants Kernan and Shafer violated his due process rights by implementing unconstitutional parole procedures. However, there are no allegations in the complaint demonstrating Defendants Kernan or Shafer created, enforced, or implemented procedures that deprived Plaintiff of the minimum procedural protections outlined in Swarthout. Plaintiff simply notes, in a conclusory fashion, that Kernan and Shafer established constitutionally inadequate parole procedures without asserting any factual allegations related to how these alleged procedures fell below the constitutional standard. Plaintiff's complaint, in fact, is so void of factual allegation that it is unclear what procedures Plaintiff is even challenging. The

6

lone assertion that Defendants Kernan and Shafer, in general, "established" "constitutionally inadequate" "parole consideration procedures" is simply not enough to establish a claim under section 1983. See Ashcroft v. Iqbal, 556 U.S. 662 (2009) (holding the Federal Rules do not require courts to credit complaint's conclusory statements without reference to its factual context).

As discussed above, the Court is aware Defendant Kernan is no longer the Secretary of CDCR, and that Rule 25(d) automatically substitutes the new Secretary of CDCR, Ralph Diaz, into this action. This, however, has no effect on the Courts analysis. Plaintiff's claim fails due to general pleading inadequacies as Plaintiff has failed to identify constitutionally deficient procedures. Substituting Secretary Diaz has no effect on this. Even with the automatic substitution of Secretary Diaz, Plaintiff's claim still fails because it is conclusory in nature and does not articulate any procedures, or lack thereof, that resulted in a due process violation. For that reason, Plaintiff's claims related to the establishment of unconstitutional parole procedures must be dismissed.

### 2. Claims against Dotta and Hurd

Plaintiff alleges Defendants Dotta and Hurd violated his due process rights by basing his parole denial on outdated and incorrect information. Defendants are correct is arguing this claim amounts to a challenge of Plaintiff's parole denial, not a challenge of the procedures related to the denial. Plaintiff makes no allegations that he was not afforded adequate procedures or that the procedural framework fell below constitutional standards. Rather, Plaintiff argues Defendants relied on reports they should not have in concluding he is "current[ly] dangerous". These allegations relate to the application of California parole regulations and implicate only the propriety of the evidence used to support the Board's decision. Such claims are not cognizable here because section 1983 provides a remedy only for a violation of the Constitution or law or treaties of the United States, not violations of state law or challenges to the sufficiency of a parole board's evidence. Swarthout, 562 U.S. at 222 ("To the extent that the violation of state law amounts to the deprivation of a state created liberty interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."); see also Sweaney v. Ada County,

Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).

Further, under Swarthout this Court cannot review the substantive merits of the parole board decision in a section 1983 action, and this limitation includes whether or not the Board considered evidence that it should not have had access to under state law. So long as the Board gave plaintiff an opportunity to respond, the procedural due process protections were met. See Herrera v. Long, No. 1:16–cv–0091 MJS HC, 2016 WL 282701, at *2 (E.D. Cal. Jan. 25, 2016) (Board's reliance on "false" evidence does not state a claim so long as plaintiff had a "right to access his records in advance and to speak at the parole hearing to contest the evidence presented.") Accordingly, Plaintiff fails to state a cognizable due process claim as to Defendants Dotta and Hurd.

## IV. MOTIONS FOR PRELIMINARY INJUNCTION

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);

Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

### A. Plaintiff's November 28, 2018, Motion

In Plaintiff's November 28, 2018, motion for preliminary injunction, Plaintiff seeks a court order reversing the "irreparable injury that [Defendants] continue to cause by denying [Plaintiff] [his] Fourteenth Due process amendment" rights. Based on this language Plaintiff seems to request an order reversing the parole boards decision to deny him parole. In the motion Plaintiff provides no indication he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest. The motion is void of any detail discussing the merits of an injunction.

In light of the recommendation above that the complaint be dismissed, Plaintiff necessarily has failed to demonstrate any likelihood of success on the merits. Further, there is no indication that Plaintiff will suffer irreparable harm in the absence of an injunction because there is no indication that Plaintiff's constitutional rights are being violated. Additionally, the balance of equities does not weigh in Plaintiff's favor because there is no cognizable due process violation and thus no legally cognizable harm to balance. Thus, Plaintiff's motion for a preliminary injunction fails at the first prong of the analysis and should be denied.

### B. Plaintiff's February 19, 2019, Motion

Plaintiff's February 19, 2019, motion for preliminary injunction seeks an order that will "effectively invalidate the state procedures" used to deny Plaintiff early parole. This motion, unlike Plaintiff's previous motion, does articulate some support for the requested injunction. Plaintiff asserts Defendant Hurd "abandoned the applicable standard for determining whether a classification of violence is even an issue" in violation of California Title 15 Rules and Regulations of Adult Institutions, Programs, and Parole Section 3375.2(J)(4). Plaintiff asserts that Defendant Dotta rubber stamped Defendant Hurd's actions. Plaintiff contends this resulted in the denial of early parole and thus his continued incarceration, which is causing him irreparable harm in the form of false imprisonment. Plaintiff further asserts this improper application of California state law, resulting in the denial of his early parole, amounts to a due process violation

under the Fourteenth Amendment. This, Plaintiff argues, demonstrates that he will likely succeed on the merits.

Plaintiff's arguments outlined in his motion for preliminary injunction are unpersuasive. As noted above, in light of the recommendation that the complaint be dismissed, Plaintiff necessarily failed to demonstrate any likelihood of success on the merits. Additionally, Plaintiff's challenge relates to whether the Board correctly applied state parole standards, which this Court has no power to consider. See also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 717 (9th Cir. 2011) (Noting in a due process analysis the issue is not whether the Board's parole denial was "substantively reasonable," or whether the Board correctly applied state parole standards, but simply "whether the state provided [Petitioner] with the minimum procedural due process outlined in [Swarthout v.] Cook"). Our power is thus limited to constitutional violations in the parole procedure, which prevents the Court from reviewing the merits of the parole determination or the application of state law. Because Plaintiff ultimately challenges his denial of parole on the basis of improper applications of state rules, not the constitutional sufficiency of the state procedures, it cannot be said that Plaintiff is suffering irreparable harm because there is no underlying violation that could cause such harm. As such, Plaintiff's February 19, 2019, motion for preliminary injunction should be denied.

## V.  CONCLUSION

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126–30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130–31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (Citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss

10

without leave to amend. Cato, 70 F.3d at 1005–06.

After the Supreme Court's decision in Swarthout, this Court's consideration of state parole proceedings is extremely limited. Here, Plaintiff's first claim is based on alleged improper parole procedures established by Defendants Kernan and Shafer. However, it is well established that California's parole procedures are Constitutionally adequate and Plaintiff does not challenge this. Swarthout, 562 U.S. at 222. As such, this claim amounts to an alleged improper application of California's parole procedures by Kernan and Shafer, a claim this Court has no authority to address. Id. Plaintiff's second claim is based on challenges to the merits of Plaintiff's parole denial, specifically the propriety of the Boards evidence, which this Court also has no authority to address. Id. at 220. It would not be possible for Plaintiff to amend the complaint to cure these defects as this Court is prevented, as a matter of law, from reviewing such claims. Therefore, this Court recommends dismissal of this action without leave to amend.

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion (ECF No. 18) to dismiss be GRANTED; and

2. Plaintiff's motions for injunctive relief (ECF Nos. 11 and 20) be DENIED;

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 28, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE