# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GERAY, | No. 2:18-CV-2787-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JENNIFER SHAFER, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for the appointment of counsel (ECF No. 38).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. In his motion, plaintiff cites the following reasons warranting the appointment of counsel: (1) he is unable to afford counsel; and (2) he is incarcerated. Neither situation is exceptional. To the contrary, both are common to almost all prison inmates. Moreover, plaintiff has exhibited an ability to articulate himself adequately in light of the due process claims alleged, which are neither factually nor legally complex. In particular, the court observes plaintiff's opposition to defendants' motion to dismiss was well-organized, well-reasoned, and well-written. See ECF No. 22. Finally, for the reasons outlined in the court's July 1, 2019, findings and recommendations, in which the court recommends plaintiff's complaint be dismissed without leave to amend, plaintiff is not likely to succeed on the merits.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 38) is denied.

Dated: September 6, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE